**Exhibit B**

**LEGAL ISSUES**

# Review of Jan. 6 cases finds judges give harsh lectures, lighter sentences

udges have gone below prosecutors' recommendations three-quarters of time, and below federa sentencing guidelines a little less than 40 percent

By Tom Jackman and Spencer S. Hsu

odated January 6, 2023 at 9:31 a.m. EST | Published January 6, 2023 at 6:30 a.m. EST

ne attack on the U.S. Capitol on Jan. 6, 2021, ignited the largest criminal investigation in U.S. history, with more than 930 people derally charged so far and more to come. Now, the Justice Department has named a special counsel, Jack Smith, to oversee the vestigation into efforts to reverse the results of the 2020 presidential election, focusing not on those present at the riot but on hether politicians or anyone else may have interfered in the transfer of power.

ne attack forced the Justice Department to devise legal strategies equal to the momentous occasion, taking steps beyond charging oters with trespassing or vandalism. Prosecutors revived the charge of seditious conspiracy, rarely used in recent decades, to cuse the attack's leaders of conspiring to oppose federal authority by force. Two members of the Oath Keepers were convicted of ditious conspiracy in November. Another group of Oath Keepers is on trial now on the same charge, as is a group of Proud Boys.

ut after two years, much work remains. Of more than 460 people charged with felonies, only 69 have been convicted and ntenced so far, mostly for assaulting police or obstructing Congress; all but four of those have received jail or prison time. The rerage prison sentence for a felony conviction so far is 33 months, according to a Washington Post database.

## How Capitol rioters' punishments compared to what prosecutors wanted

As of Jan. 2, 357 out of 932 people federally charged in the insurrection have been sentenced. Another 165 who have been convicted await sentencing.





*One defendant for which prosecutors requested home detention received no sentence.

NICK MOURTOUPALAS/THE WASHINGTON POST

nd the judges in U.S. District Court in Washington, despite harsh words for the convicted defendants about the historic impact of eir actions, have gone below federal prosecutors' sentencing recommendations in more than three-quarters of the cases so far, ar elow the advisory sentencing guidelines nearly 40 percent of the time.

n the second anniversary of the Capitol riot, here are more insights on how the rioters have been treated by the courts so far. This ata, current through Jan. 2, reflects cases in D.C. federal court only, not those charged with misdemeanors in D.C. Superior Court

## What's happening with the average Jan. 6 case?

bout half of the arrests so far have been for misdemeanors, and for those given actual jail time, the average sentence has been 48 ays. But most of the misdemeanants have not received any jail time: most have received probation, home detention or halfway ouse time, or a fine. These defendants are typically rioters who entered the Capitol and didn't engage with the police, but left a tra social media posts and photos before, during and after Jan. 6.

we include those who didn't receive jail time among the misdemeanor sentences, the average jail time drops to 22 days. The umber of defendants being held in jail before trial, or awaiting sentencing, is about 50, according to a list provided by the Justice epartment.

# What have the average sentences been for the most serious cases?

Sentencing for Jan. 6 defendants convicted of the most serious crimes has tracked closely with national averages for those offenses, though drawing a direct comparison can be challenging.

For the 25 defendants sentenced so far for assaulting law enforcement, the average sentence has been more than 48 months — in line with the nationwide average for that offense in recent years, according to data from the U.S. Sentencing Commission. Former New York City police officer Thomas Webster received a 10-year term for fighting with an officer and helping breach the outer perimeter. There are still nearly 180 defendants whose assault cases are pending.

The most serious charge for those not accused of assaulting the police has been obstruction of an official proceeding. Only 28 people have been sentenced for obstruction or conspiracy to obstruct the certification of the electoral vote, receiving an average sentence of about 42 months. The nationwide average sentence for an obstruction of justice offense was just 16 months, according to recent data from the U.S. Sentencing Commission. That, though, often deals with evidence tampering, rather than the armed disruption of Congress certifying an election.

According to a Washington Post database, about 220 more people still face obstruction cases. Police officials have said more than 140 officers were assaulted during the riot, with injuries including concussions, broken ribs and a heart attack.

# Has the political party of the judges been a factor in sentencing?

The judges appointed by Democratic presidents have imposed jail or prison sentences in 61 percent of their cases, and probation in 8 percent of the cases, while judges appointed by Republican presidents have given jail or prison sentences in 48 percent of their cases, and probation in 34 percent of cases. In the remaining cases, judges have sentenced defendants to home detention or a halfway house, or imposed a fine. Judge Tanya Chutkan, an Obama appointee, has handled 22 sentencings and imposed incarceration in every one, but another Obama appointee, Judge Rudolph Contreras, has handled 16 sentencings and jailed only one defendant.

Judges Dabney Friedrich and Trevor N. McFadden, both Trump appointees, have given probation sentences to about half of their Jan. 6 defendants. McFadden is also the only judge to have acquitted a defendant at trial and the only judge to have imposed only a fine on a defendant.

## How judges have responded to U.S. sentencing recommendations

More severe than government recommendation    Same    Less severe

8 Democratic-nominated judges
1%  17%  73%

Republican-nominated judges
  14%    82%

Totals
3%  15%  76%

THE WASHINGTON POST

## What kind of sentences has the government sought?

Prosecutors have made fairly consistent recommendations in all 357 sentencings so far. They typically seek 30- or 45-day jail sentences for misdemeanors. For felonies, the U.S. attorney's office has looked at the federal sentencing guidelines, which account for both the seriousness of the crime and the defendant's criminal history, and usually asked for the midpoint of the guidelines' range.

The judges have issued harsh words for nearly all defendants, with Chief U.S. District Judge Beryl A. Howell calling it an "attack on democracy … unparalleled in American history," and criticizing prosecutors for allowing hundreds of defendants to plead to misdemeanors. "You participated in a national embarrassment," McFadden has told multiple defendants.

But the judges have sentenced below the government's recommendation in nearly 77 percent of all cases, including 71 percent of the felonies. The judges have gone above the recommendation only 8 percent of the time, and imposed the recommendation 15 percent of the time. U.S. District Judge Amit P. Mehta, an Obama appointee, has gone below the prosecution's recommendation in all 19 of the sentencings he has done so far, as have fellow Obama appointees Contreras and Randolph D. Moss, Trump appointee Timothy J. Kelly and George W. Bush appointee John D. Bates.

Republican judges have gone below the government recommendation 82 percent of the time, and Democratic judges about 72 percent of the time. There are 13 Democratic and eight Republican judges handling Jan. 6 cases on the D.C. federal bench.

## How have judges' sentences compared with what federal guidelines call for?

Despite their harsh rhetoric, D.C. judges have regularly sentenced Jan. 6 defendants to terms below even what federal sentencing guidelines call for — a little less than 38 percent of the time.

But that is less lenient than D.C. judges treat other non-Jan. 6 defendants, and in line with how often federal judges nationwide hand down below-guidelines sentences.

Before Jan. 6, the D.C. judges imposed sentences less than the guidelines even more often — in 57 percent of cases. Nationally, judges go below the guidelines about 34 percent of the time, according to U.S. Sentencing Commission statistics. The guidelines, once mandatory for all sentencings, became advisory in 2005 but are still used by judges in every case.

"Are these [Jan. 6] guys getting hammered more than typical defendants?" asked Mark Allenbaugh, a federal sentencing consultant and former staff attorney for the U.S. Sentencing Commission. "From a high-level view, from what I can tell, they're not."

Matthew M. Wood was one of the first rioters to enter the Capitol on Jan. 6, 2021. After traveling to D.C. from North Carolina, the 33-year-old spent 80 minutes inside the Capitol as he chased officers through corridors, roamed through offices, including those of then-Speaker Nancy Pelosi (D-Calif.), and joined the mob that fought against police trying desperately to hold the line.

"I'm in the Capitol," Wood texted a friend during the riot, "we stormed it. I am fighting capitol police."

federal sentencing guidelines recommended a sentence of 51 to 63 months for Wood, and prosecutors asked Mehta to impose a 57 month term after Wood pleaded guilty to obstruction of an official proceeding. But Mehta instead reduced the guidelines range to 27 months in prison, and then went below that range, sentencing Wood to 12 months of home detention for obstructing an official proceeding.

"I don't think this sentence should ruin your life," Mehta told the Capitol rioter, who expressed remorse for his actions. The judge said he thought the 57-month request from the government was not "anywhere within the ballpark" and that judges may impose consequences "without simply putting somebody in jail for the sake of putting them in jail."

## What has happened with rioters who've gone to trial?

There have been 44 trials, and the defendants have one win and 43 losses. Twenty of the trials have been in front of a jury, and the government is 20-0. Of the 24 trials in front of a judge, the one defense win was in a misdemeanor "entering a restricted building" case, where McFadden found the man plausibly argued that police officers allowed him into the building.

All but four of the trials have been for felonies. The average sentence for those convicted of felonies at trial has been about 49 months, while the average sentence for those who pleaded guilty to felonies has been about 28 months.

Of the 11 felony trial sentencings so far, the judges have gone below the government's recommendation every time, and below the guidelines in eight of the cases. Hunter Seefried was convicted by a jury of clearing out a smashed window and being one of the first rioters to enter the Capitol, and guidelines called for him to face a sentence of 57 to 71 months. Prosecutors asked for 64 months. McFadden ruled that the riot did not qualify as interfering with "administration of justice," reduced the guideline range and gave Seefried 24 months.

"I believe you are a good man who messed up badly," McFadden said, "but I believe you recognize you messed up, and that also is part of criminal justice."

## What happens next?

The Justice Department will continue to prosecute the more than 400 arrestees who are awaiting trial, as well as perhaps hundreds more who may be charged in the coming months, while also probing the political circles around former president Donald Trump for evidence of high-level involvement in the Jan. 6 attack or other attempts to overturn the election of Joe Biden.

The decision by Attorney General Merrick Garland to name Smith as a special counsel in the case was designed to shield the Justice Department from claims of political favoritism now that Trump has announced his candidacy for president in 2024. Smith's crew of prosecutors recently subpoenaed election officials in five states where Trump supporters were claiming fraud. They also are examining the fundraising, organizing and rhetoric that preceded the Capitol riot and looking at failed efforts to authorize alternate slates of electors. Smith is leaving the cases of those physically present at the riot to the U.S. attorney's office in D.C.

...iting by Matt Zapotosky, Lynh Bui and Meghan Hoyer; photo editing by Mark Miller; graphics editing by Kevin Uhrmacher; graphics by Nick Mourtoupalas; design by Tara McCarty. Sahana Jayaraman contributed data reporting. Solène Guarinos, Bonnie Simon, Hayden Godfrey, Alexander Fernandez and Alexandra Rivera from the American University-Washington Post practicum program contributed to this report.